UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 13-80756-CIV-MARRA

ROBERT TRIBBLE,

Plaintiff,

vs.

TOTAL BANK et al.,

Defendants.
_____/

**OPINION AND ORDER**

This cause is before the Court upon Defendant TotalBank's Motion to Dismiss the Complaint with Prejudice (DE 14) and Plaintiff's Motion to Leave of Court to Amend Complaint (DE 23). The Court has carefully considered the Motions and is otherwise fully advised in the premises.

I.  Background

On August 5, 2013, Plaintiff Robert Tribble ("Plaintiff"), who is proceeding pro se, filed his initial complaint. (DE 1.)  On August 20, 2013, Plaintiff filed an Amended Complaint containing ten counts against six Defendants for "violations of several Federal and State laws" (Am. Compl. at 1-2.)  The Amended Complaint asserts federal question jurisdiction stemming from various federal statutes and supplemental jurisdiction over the state law causes of action. Plaintiff, as well as all six Defendants, are identified with  Florida addresses. (Am. Compl. at 4.) In the introduction to the Amended Complaint, Plaintiff lists 14 federal and state statutes and causes of actions.  However, the Amended Complaint contains ten counts with no identifying causes of action.  These counts contain one paragraph each, and do not provide elements of a

particular cause of action. The Amended Complaint appears to arise out of a state court foreclosure action brought by Defendant TotalBank. It seeks declaratory and injunctive relief, compensatory damages and punitive damages in the amount of $1,200,000.00.

   II.  Legal Standard

Rule 8(a) of the Federal Rules of Civil Procedure requires "a short and plain statement of the claims" that "will give the defendant fair notice of what the plaintiff's claim is and the ground upon which it rests." Fed. R. Civ. P. 8(a). The Supreme Court has held that "[w]hile a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. Factual allegations must be enough to raise a right to relief above the speculative level." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007) (internal citations omitted).

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009) (quotations and citations omitted). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. Thus, "only a complaint that states a plausible claim for relief survives a motion to dismiss." Id. at 1950. When considering a motion to dismiss, the Court must accept all of the plaintiff's allegations as true in determining whether a plaintiff has stated a claim for which relief could be granted. Hishon v. King & Spalding, 467 U.S. 69, 73 (1984).

Rule 12(e) permits a party to move for a "more definite statement of a pleading to which a

responsive pleading is allowed but which is so vague or ambiguous that the party cannot reasonably prepare a response." Fed. R. Civ. P. 12(e).  If a pleading "fails to specify the allegations in a manner that provides sufficient notice" or does not contain enough information to allow a responsive pleading to be framed, the proper motion to be filed is a motion for a more definite statement. Swierkiewicz v. Sorema N.A., 534 U.S. 506, 514 (2002); Sisk v. Texas Parks & Wildlife Dep't, 644 F.2d 1056, 1059 (5th Cir. 1981).[1]  The motion is intended to provide a remedy for an unintelligible pleading, rather than a vehicle for obtaining greater detail. Campbell v. Miller, 836 F. Supp. 827, 832 (M.D. Fla. 1993).

Courts typically grant motions under Rule 12(e) for "shotgun" pleadings, in which it is "virtually impossible to know which allegations of fact are intended to support which claim(s) for relief." Anderson v. District Bd. of Tr. of Cent. Florida Cmty Coll., 77 F.3d 364, 366 (11th Cir. 1996).  Plaintiff has the burden to provide defendant with a "short and plain statement of the claim." Fed. R. Civ. P. 8(a)(2).  As explained by another court, "[t]he claim of the plaintiff in his complaint is sufficiently definite to enable the defendant to know with what it is charged, and it is reasonably able therefrom to respond whether it did the thing charged." Dennis v. Begley Drug Co. of Tennessee, Inc., 53 F.R.D. 608, 609 (E.D. Tenn. 1971).  However, a pleading is insufficient if a defendant does not know the basic facts that constitute the claim for relief against it.  Such detail should not be left to discovery, for the "purpose of discovery is to find out additional facts about a well-pleaded claim, not to find out whether such a claim exists." Stoner

---

[1] The decisions of the United States Court of Appeals for the Fifth Circuit, as that court existed on September 30, 1981, handed down by that court prior to the close of business on that date, shall be binding as precedent in the Eleventh Circuit, for this court, the district courts, and the bankruptcy courts in the circuit. Bonner v. Pritchard, 661 F.2d 1206, 1207 (11th Cir. 1981) (en banc).

v. Walsh, 772 F. Supp. 790, 800 (S.D.N.Y. 1991).

### III. Discussion

After careful review of the Complaint, the Court concludes that it is a "shotgun" pleading and must be re-pled. See Anderson, 77 F.3d at 366. It is not a "short and plain statement of the claims" as mandated by Rule 8 of the Federal Rules of Civil Procedure. Nor does it comply with Rule 10(b) which instructs parties to "state its claims or defenses in numbered paragraphs, each limited as far as practicable to a single set of circumstances . . ." Fed. R. Civ. P. 10(b). In Anderson, the Court, concerned with the ramifications of cases proceeding on the basis of "shotgun" pleadings, noted:

> Experience teaches that, unless cases are pled clearly and precisely, issues are not joined, discovery is not controlled, the trial court's docket becomes unmanageable, the litigants suffer, and society loses confidence in the court's ability to administer justice.

Id. at 366-67; see Cesnik v. Edgewood Baptist Church, 88 F.3d 902, 905 (11th Cir. 1996).

While the Amended Complaint lists 14 potential causes of action in its introduction, including but not limited to the Mortgage Fraud and Real Estate Settlement Procedures Act ("RESPA"), Truth in Lending Act ("TILA") and the Racketeer Influenced and Corrupt Organizations Act ("RICO"), as well as various state causes of actions relating to fraud and perjury, these appear to be unrelated to the actual counts. Those ten counts are unlabeled and do not contain elements of any particular causes of action. As such, the Court cannot decipher what are the actual causes of actions and, related to that, cannot therefore make a determination of jurisdiction.

The most the Court can discern from the fact section of the Amended Complaint is that Plaintiff asserts he was not notified of a foreclosure action against property he claims he owns.

That stated, the Amended Complaint is confusing and incomprehensible because specific facts are not related to specific counts and the allegations are not organized.  Hence, Plaintiff is directed to plead each legal claim in a separate count with special attention paid to each element of each count.  Each count must state with specificity both the factual and legal basis for the claim it sets forth. [2]

The Court hopes that by granting Plaintiff leave to amend his Amended Complaint with these directives in mind, Plaintiff will be able to conform his Amended Complaint in line with the dictates of Rules 8 and 10(b) of the Federal Rules of Civil Procedure.

IV.  Conclusion

Accordingly, it is hereby **ORDERED AND ADJUDGED** as follows:

1) Defendant TotalBank's Motion to Dismiss the Complaint with Prejudice (DE 14) is **GRANTED**.  Plaintiff is given leave to amend the Complaint.  Should Plaintiff decide to file an amended complaint, it must be filed **no later than February 7, 2014**.  Failure to file an amended complaint may result in the closing of the case.

2) In light of the Court granting Plaintiff leave to amend, Plaintiff's Motion to Leave of Court to Amend Complaint (DE 23) is **DENIED AS MOOT**.

**DONE AND ORDERED** in Chambers at West Palm Beach, Palm Beach County, Florida, this 14th day of January, 2014.

_____
KENNETH A. MARRA
United States District Judge

---

[2] In Plaintiff's response memorandum, he sets forth elements for causes of actions which are not asserted in the Amended Complaint.  This highlights the confusing nature of the pleading.